The Honorable Steve Faris State Senator 29476 Highway 67 Malvern, AR 72104
The Honorable Dawn Creekmore State Representative 1837 Scotch Pine Lane Hensley, AR 72065
Dear Senator Faris and Representative Creekmore:
I am writing in response to your joint request, on behalf of the Cane Creek Fire Department, for an opinion concerning Act 1719 of 2003 (A.C.A. § 14-56-103 (Supp. 2005)), which authorized the assessment of "development impact fees." You report that the Cane Creek Fire Department was created under Act 35 of 1979 (A.C.A. §§14-284-201 et seq. (Repl. 1998 and Supp. 2005)). Your specific questions are as follows:
 1. Would a fire protection district qualify as a "municipal service agency" under Act 1719 of 2003?
 2. If so, can a fire protection district enact impact fees for general fire protection services?
 3. Would a fire protection district need authority from the county in the way of an ordinance before it could enact impact fees?
 4. Is a vote of the public required before a fire protection district could enact impact fees?
 5. If a fire protection district had authority to enact impact fees for fire protection service, would it be necessary to provide specific information as to what needs will be addressed by the money raised by the fees?
RESPONSE
In my opinion, the answer to your first question is "no." Although fire protection is included among the "public facilities" for which impact fees may be assessed pursuant to Act 1719 of 2003, the act's definition of "municipal service agency" would not appear to include a fire protection district established under the authority of Act 35 of 1979, which provides for the formation of fire protection districts in rural areas. A response to your remaining questions is therefore unnecessary.
Act 1719 of 2003, which is codified at A.C.A. § 14-56-103 (Supp. 2005), authorizes a municipality or a "municipal service agency" to assess a "development impact fee" in order to generate revenue "to offset costs . . . that are reasonably attributable to providing necessary public facilities to new development." Id.
at subsection (b).[1] The term "municipal service agency" is defined as follows:
 (A) Any department, commission, utility, or agency of a municipality, including any municipally owned or controlled corporation;
 (B) Any municipal improvement district, consolidated public or municipal utility system improvement district, or municipally owned nonprofit corporation that owns or operates any utility service;
 (C) Any municipal water department, waterworks or joint waterworks, or a consolidated waterworks system operating under the Consolidated Waterworks Authorization Act, § 25-20-301 et seq.;
(D) Any municipal wastewater utility or department;
(E) Any municipal public facilities board; or
 (F) Any of these municipal entities operating with another similar entity under an interlocal agreement in accordance with § 25-20-101 et seq. or § 25-20-201
et seq.[.]
A.C.A. § 14-56-103(a)(5) (Supp. 2005).
It seems clear that this definition is limited to municipal
entities and that a fire protection district formed pursuant to Act 35 of 1979 is not such an entity. Act 35 of 1979, codified at A.C.A. § 14-284-201 et seq., is addressed, specifically, to the formation of fire protection districts outside the corporatelimits of cities and towns. Subsection (b) of 14-284-201 states that "[i]n order to avoid duplication of fire protection services, fire protection districts established under this subchapter shall be established for the primary purpose of providing fire protection in rural areas for buildings, structures, and other man-made improvements." Such districts are formed by ordinance of the quorum court following notice and a public hearing (id. at -204), or by election of the qualified electors of the proposed district (id. at -205). A quorum court may decide to extend the district's service area to include a city or town located within the bounds of the district and lacking a fire department. Id. at -201(a)(2). But in my opinion the district in such case would not thereby become a "municipal service agency" as contemplated by the impact fee legislation.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] "Public facilities" are defined as "publicly owned facilities that are one (1) or more of the following systems or a portion of those systems:"
 (A) Water supply, treatment, and distribution for either domestic water or for suppression of fires;
(B) Wastewater treatment and sanitary sewerage;
(C) Storm water drainage;
 (D) Roads, streets, sidewalks, highways, and public transportation;
(E) Library;
(F) Parks, open space, and recreation areas;
(G) Police or public safety;
(H) Fire protection; and
 (I) Ambulance or emergency medical transportation and response.
A.C.A. § 14-56-103(a)(7) (Supp. 2005).